# DEBORAH A. PEARCE, LLC
ATTORNEY AT LAW

December 13, 2024

The Honorable Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:   *United States v. Nghia Le,* No. 23-30888
           Rule 28(j) Letter to Bring New Authority to the Court's
           Attention and to Correct Oral Argument Misstatement

Dear Mr. Cayce,

Counsel presented argument in this case on December 5, 2024 before Judges E. Grady Jolly, James E. Graves, Jr., and Cory T. Wilson. At issue is the U.S.S.G. § 2D1.1(b)(12) sentencing enhancement and its accompanying commentary note 17.

As a preliminary note, during rebuttal, counsel erroneously believed that she had misstated the relevant commentary note as note 17. However, upon re-review, the correct commentary note *is* note 17, *not* note 12. Counsel apologizes for any confusion this caused.

Second, on December 13, 2024, this Court issued its decision in *United States v. Wesley*, No. 23-11185, which addressed the § 2D1.1(b)(12) enhancement. There, the facts showed the defendant had a key to the premises, used it as a stash house, and sold drugs from the premises. The Court affirmed application of the enhancement because, having a key, the defendant had unfettered access to the premises, from which he sold drugs, which he retrieved from within the premises he unlocked. The *Wesley* opinion reviewed prior precedent, which helps

highlight why, in Mr. Le's case, the enhancement was improper. As the Court said in *Wesley*:

> This circuit's applications of § 2D1.1 focus . . . on access and control over the premises, particularly unrestricted and exclusive access. . . . Wesley had a key, "distributed drugs alone" from the home without the aid of others, and was seen using the home multiple times. Other circuits, examining similar facts, have explained that "in many cases where the defendant did not own or rent the premises, but control was deemed to exist for purposes of § 2D1.1(b)(12), the defendant had a key to the premises." (Citations omitted).

The Court focused on Welsey's continuous, unfettered access, citing *United States v. Rodney*. 532 F. App'x 465, 472–73 (5th Cir. 203) (per curiam) (citing unfettered access to shed in which defendant had no possessory interest). It contrasted *United States v. Lord*, where Lord had no such unfettered access, and application of the enhancement was improper. 532 F.3d 1009, 1017–18, 1021–22 (5th Cir. 2019). The same result is true in Mr. Le's case.

Sincerely,

/s/ *Deborah A. Pearce*
Deborah A. Pearce

cc: Mike E. Trummel
    Assistant United States Attorney